533 A.2d 832

Richard Heintzel, et al., Appellants *v.* The Zoning Hearing Board of Millcreek Township and The City of Erie and The Township of Millcreek, Appellees.

Argued May 21, 1987, before Judges MacPhail, Colins, and Senior Judge Narick, sitting as a panel of three.

*Bruce L. Getsinger,* for appellants.

*Richard W. Perhacs, Elderkin, Martin, Kelly, Messina & Zamboldi,* for appellee.

Opinion by Judge MacPhail, November 24, 1987:

A group of landowners (Appellants) appeals a decision of the Erie County Court of Common Pleas which

missed an appeal from a decision of the Millcreek Township Zoning Hearing Board (Board). For the reasons which follow, we must vacate.

After extensive hearings, some of which were pursuant to a remand order of the common pleas court, the Board granted the City of Erie (City) a special exception permitting the City to erect a water tower in Millcreek Township in an area zoned "B Residence." The City plans to build the tower as part of its effort to comply with an order of the Pennsylvania Public Utility Commission (PUC) directing the City to improve water service to Millcreek Township.

Appellants attack the Board's granting of the special exception on numerous grounds. We find these grounds unavailing as it is now clear under *South Coventry Township v. Philadelphia Electric Co.*, 94 Pa. Commonwealth Ct. 289, 504 A.2d 368 (1986), that the township has no power to regulate under its zoning ordinance the erection of the water tower.

In supplying water outside of its corporate boundaries, the City is operating as a public utility. *See Borough of Boyertown Appeal*, 77 Pa. Commonwealth Ct. 357, 466 A.2d 239 (1983); *Phoenixville v. Pennsylvania Public Utility Commission*, 3 Pa. Commonwealth Ct. 56, 280 A.2d 471 (1971); Sections 1102(a)(5), 1301 and 1501 of the Public Utility Code, 66 Pa. C. S. §§1102(a)(5), 1301 and 1501. In *South Coventry*, this Court extended our Supreme Court's holding in *Duquesne Light Co. v. Upper St. Clair Township*, 377 Pa. 323, 105 A.2d 287 (1954), which was decided under language then found in the First Class Township Law, at 53 P.S. §19092-3110, to cases involving the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101—11202. In *South Coventry* we said "*Duquesne Light* establishes as an *enduring* principle that there is *no power* possessed

by municipalities to zone with respect to utility structures other than buildings. . . . " *South Coventry Township* at 295, 504 A.2d at 371 (emphasis in original).[1]

In the instant case, the City, acting as a public utility, plans to construct a structure other than a building. According to our holding in *South Coventry Township,* the structure, therefore, is exempt from local zoning regulation. This is not to say that the structure is free of all regulatory requirements. Instead, regulation of the water tower is subject to the exclusive jurisdiction of the PUC.

In view of our conclusion regarding the controlling nature of *South Coventry Township,* we are constrained to vacate the orders of the court of common pleas and the Board without ruling on the substantive merits of those decisions. This action is necessitated by our conclusion that the Board lacks the jurisdictional authority to take any zoning action, whether favorable or unfavorable, with regard to the structure here at issue.

Orders vacated.

## ORDER

For the reasons set forth in the foregoing opinion, the orders of the Court of Common Pleas of Erie County and the Zoning Hearing Board of Millcreek Township are vacated and the appeal of Richard Heintzel, et al. is dismissed.

---

[1] The issue of whether the Township was possessed of the power to regulate under its zoning ordinance the construction of the water tower was not raised in any of the proceedings below. It was raised for the first time in the briefs, both that of the Appellants and the Board, to this Court. This can be excused, however, because our decision in *South Coventry Township* was not issued until after the appeal from the Board had been argued before the common pleas court. We observe that our decision in *South Coventry Township* was filed prior to the order of the common pleas court entered in this matter.